IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO CHAIREZ, | No. C 07-5767 MMC (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE; DENYING MOTION FOR APPOINTMENT OF COUNSEL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| M. ADAMS, Warden, | |
| Respondent. | **(Docket Nos. 2 & 3)** |

On November 14, 2007, petitioner, a California prisoner incarcerated at Corcoran State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks leave to proceed in forma pauperis.

## BACKGROUND

Petitioner was convicted, in the Superior Court of Monterey County, of four counts of committing lewd and lascivious acts on a child under the age of fourteen. He was sentenced to a term of twenty-five years to life in state prison. The California Court of Appeal affirmed, and the California Supreme Court denied the petition for review.

## DISCUSSION

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison,

431 U.S. 63, 75-76 (1977)).

Petitioner claims that his conviction is invalid because the trial court erroneously admitted inculpatory evidence in violation of petitioner's rights to confrontation and due process. Liberally construed, petitioner's claims are cognizable.

With his petition, petitioner has filed a motion for the appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986). Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." See 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner's claims have been adequately presented in the petition; consequently, the interests of justice do not require appointment of counsel and petitioner's motion will be denied. Should the circumstances change materially at a later stage of the litigation, the Court will reconsider this decision sua sponte.

Petitioner also has filed an application to proceed in forma pauperis; in light of petitioner's lack of funds, the application to proceed in forma pauperis will be granted..

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Petitioner's motion for the appointment of counsel is hereby DENIED. (Docket No. 3.)

2. Petitioner's application to proceed in forma pauperis is hereby GRANTED. (Docket No. 2.)

3. The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

4. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the

Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

5. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

6. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

7. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline they seek to extend.

This order terminates Docket Nos. 2 and 3.

IT IS SO ORDERED.

DATED: April 11, 2008

_____
MAXINE M. CHESNEY
United States District Judge

3