**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO CHAIREZ,   Petitioner,   v.   M. ADAMS, Warden,   Respondent. | No. C 07-5767 MMC (PR)   **ORDER GRANTING MOTION TO DISMISS**   (Docket Nos. 10, 18, 19, 20 & 21) |

### INTRODUCTION

On November 14, 2007, petitioner Arturo Chairez, a California state prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges the constitutional validity of his conviction. Respondent filed a motion to dismiss on grounds that the petition is barred by the statute of limitations. For the reasons discussed below, the Court will grant respondent's motion and will dismiss the petition.

### BACKGROUND

On July 15, 2004, in Monterey County Superior Court, petitioner was convicted of two counts of committing lewd acts on a child, Cal. Pen. Code § 288(a), and various sentencing enhancements were found true. The trial court sentenced petitioner to twenty-five years-to-life for one count, and a concurrent term of fifteen years-to-life on the second. Petitioner appealed. On

1  December 16, 2005, the California Court of Appeal for the Sixth Appellate District affirmed the
2  judgment, (Ans., Ex. C (People v. Chairez, No. H028026, 2005 WL 3445529 (Cal. Ct. App. Dec. 16,
3  2005) at 1, 2), and on March 1, 2006, the California Supreme Court denied petitioner's petition for
4  review. (Id., Ex. E.) Petitioner had ninety-days from that date to file a petition for certiorari in the
5  United States Supreme Court, see Sup. Ct. R. 13, but did not file such a petition. Nor does it appear
6  that petitioner filed any state habeas petition regarding this matter. On November 14, 2007,
7  petitioner filed the instant federal habeas petition, 623 days after the California Supreme Court
8  denied his petition for review.

**DISCUSSION**

A.   Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

B.   Timeliness of the Petition

In the instant case, the petition is barred by § 2244(d) because petitioner did not file his federal action by May 31, 2007, i.e., within a year of the date the state court judgment became final after the time had passed for petitioner to seek direct review in the United States Supreme Court. In particular, petitioner's judgment became final on May 30, 2006, the date on which the ninety-day period in which he could have applied to the United States Supreme Court for review of the decision

2

1 of the California Supreme Court expired; petitioner then had until May 31, 2007 to file a timely
2 federal habeas petition. Petitioner did not file his federal petition until November 14, 2007, 533
3 days after May 30, 2006, and 167 days after May 31, 2007. Because petitioner waited to file the
4 instant petition until more than a year after the date petitioner could have sought direct review in the
5 United States Supreme Court, the petition is not timely filed and, absent statutory or equitable
6 tolling, is thus barred by AEDPA's statute of limitations.

C. Statutory and Equitable Tolling

    1. Statutory Tolling

Petitioner does not claim he is entitled to statutory tolling. Even if petitioner had claimed such tolling, however, he would not be eligible for it. For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. See § 2244(d)(2). As noted above, petitioner did not file a state habeas petition regarding this matter. Consequently, because petitioner did not seek in state court any post-conviction relief or collateral review after the California Supreme Court's decision was issued, AEDPA's statute of limitations was not statutorily tolled.

    2. Equitable Tolling

Petitioner asserts he is entitled to equitable tolling because his attorney, Eric Multhaup, promised, but failed, to attend to petitioner's federal habeas petition. (Pet.'s Opp. at 2.)[1]

The facts underlying such assertion are as follows: In July 2006, petitioner wrote to Multhaup, who had filed petitioner's petition for review in the California Supreme Court, asking him to prepare his federal habeas petition. (Id. at 2.) In a letter dated August 7, 2006, Multhaup responded that he would fill out the habeas form and then send it to petitioner for his signature. (Pet.'s Mot. to Reconsider (Docket No. 11) Ex. A.) Thereafter, Multhaup wrote to petitioner on

---

[1] Plaintiff titles this filing "Motion to Grant Habeas Corpus Writ." (Docket No. 20.) Because it contains petitioner's reasons and argument as to why respondent's motion to dismiss should be denied, the Court will construe such filing as petitioner's opposition to respondent's motion. The Court further notes that petitioner's "Motion to Grant Habeas Corpus Writ" (Docket No. 20) appears to be identical in substance to petitioner's "Motion to Grant Habeas Corpus Writ" (Docket No. 13), which filing the Court has considered as well.

1  September 14, 2006, informing petitioner that he had received the transcripts petitioner had sent, and
2  reiterating that he would fill out the federal habeas form and send it to petitioner, stating, "Look for
3  this in a week or so." (Pet.'s Opp., Ex. at 2.) Eight months later, in May 2007, after hearing nothing
4  from Multhaup during that time, petitioner wrote to his attorney again "regarding his writ" but
5  received no response. (Pet.'s Opp. at 2.)

6  On May 17, 2007, petitioner filed in federal district court a motion for an extension of time
7  to file a habeas petition. (Case No. 07-02643 MMC (PR).) On June 11, 2007, this Court dismissed
8  the action, finding petitioner had not filed a habeas petition and that no case or controversy existed
9  to satisfy the Constitution's Article III jurisdictional requirements, and the file was closed. As
10 noted, petitioner filed the current petition on November 14, 2007.

11 Although the Supreme Court has never "squarely addressed" the question of whether
12 equitable tolling is applicable to AEDPA's statute of limitations, see Pace v. DiGuglielmo, 544 U.S.
13 408, 418 n.8 (2005), the Ninth Circuit has held the one-year limitations period can be equitably
14 tolled. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997)
15 (finding § 2244(d) is a statute of limitations and not a jurisdictional bar). In the majority of cases,
16 however, equitable tolling will not be available, because extensions of time should be granted only if
17 "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on
18 time." Id. (internal quotation and citation omitted).

19 The Ninth Circuit has held the petitioner bears the burden of showing such "extraordinary
20 exclusion" is applicable. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Further, to be
21 granted equitable tolling, the petitioner must establish two elements: "(1) that he has been pursuing
22 his rights diligently, and (2) that some extraordinary circumstance stood in his way." Raspberry v.
23 Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace, 544 U.S. at 419). Where a prisoner fails
24 to show "any causal connection" between the grounds upon which he asserts a right to equitable
25 tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be
26 denied. Gaston v. Palmer, 417 F.3d 1030, 1034–35 (9th Cir. 2005).

27 Here, petitioner has not shown he is entitled to equitable tolling. Specifically, petitioner has
28 not shown that some extraordinary circumstance stood in his way. Although petitioner assigns

4

blame to his attorney, Multhaup's lengthy silence after he had promised to send petitioner a prepared federal habeas petition within "a week or so" should have indicated to petitioner that he would need to pursue his rights through another means.  It appears from the record that in the eight months during which petitioner did not hear from Multhaup, petitioner, with the single exception of his above-referenced letter to Multhaup at a time when the limitations period was about to expire, made no effort to contact Multhaup, or otherwise to pursue federal habeas relief.  Further, although Multhaup had some of petitioner's records, petitioner points to no circumstances sufficient to demonstrate he was precluded from timely filing a federal habeas petition.  Petitioner asserts he has no legal knowledge, that his poor education prevented him from being able to fill out the form petition, and that a fellow inmate completed the form for him.  A pro se petitioner's lack of legal sophistication, however, is not itself an extraordinary circumstance warranting equitable tolling.  See Raspberry v. Garcia, 448 F.3d at 1154; see also Majoy v. Roe, 296 F.3d 770, 776 n.3 (9th Cir. 2002) (holding petitioner not entitled to equitable tolling; noting petitioner's "attempt to place blame on his previous attorney and to assign his reliance on that attorney having made timely filing 'impossible' falls short of the circumstances required to engage this exception"); Miranda v. Castro, 292 F.3d 1063, 1066-67 (9th Cir. 2002) (finding attorney's negligence in calculating filing deadline does not meet "high threshold of 'extraordinary circumstances' sufficient to warrant equitable tolling").  Moreover, it appears from petitioner's own filings, that he is capable of understanding his legal situation and is able to write clearly in his defense.

      In a recent filing, petitioner asserts he is entitled to equitable tolling because English is not his first language.  (See Docket No. 21 ("Motion to Object") at 3.)[2]  More specifically, petitioner contends he was unable to file a timely petition because of such "language barrier," and his inability to obtain assistance with such filing from another inmate.  (Id. at 4–5.)  A petitioner's language limitations, however, do not, of themselves, justify equitable tolling; rather, equitable tolling may be justified only if such limitations actually prevent timely filing.  See Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006).  In the instant matter, petitioner has not shown that any lack of fluency in the English language justified his eight-month delay in filing the instant petition, an eight-month period during which petitioner failed to act in any manner at all.  Petitioner does not, for example,

---

[2] Although titled a "motion," the Court deems this filing a sur-reply to respondent's motion to dismiss.

5

1 allege that he diligently but unsuccessfully tried during those eight months to procure documents and
2 legal instructions written in the Spanish language.

3 The circumstances pertaining to petitioner's delay differ in material respect from those at
4 issue in Mendoza, a case cited by petitioner. In Mendoza, the Ninth Circuit found the petitioner was
5 entitled to equitable tolling based on the prison law library's lack of Spanish-language legal
6 materials, and his inability to obtain translation assistance, see Mendoza, 449 F.3d at 1069, with the
7 result that the petitioner, despite his repeated visits to the law library and efforts to learn the law,
8 was unaware of AEDPA's limitations period. See id. at 1067. In the instant case, by contrast,
9 petitioner fails to explain why he failed to act in any manner for eight months, a lengthy period of
10 time during which petitioner failed to contact his attorney or otherwise seek assistance with the
11 filing of his petition. Indeed, it appears that petitioner had sufficient knowledge of the law and his
12 legal situation to send timely letters to his attorney at the outset of the limitations period and that he
13 understood how to obtain copies of his records.

14 Petitioner also contends in his latest filing that he was given incomplete records and that he
15 was "unavailable" to receive his transcripts. (See Mot. to Object at 2-3.) Petitioner, has not
16 provided a reasonable explanation, however, for his failure to request these documents until eight
17 months after he last heard from his attorney.

18 Consequently, having taken into account all of the above circumstances, the Court finds
19 petitioner has not shown he is entitled the "extraordinary" relief of equitable tolling. Accordingly,
20 the Court will grant respondent's motion to dismiss.

**CONCLUSION**

22 For the reasons stated above, the Court finds the instant petition for a writ of habeas corpus
23 is untimely under 28 U.S.C. § 2244(d)(1), and hereby GRANTS respondent's motion to dismiss.
24 Accordingly, the petition is hereby DISMISSED.

25 This order terminates Docket Nos. 10, 18, 19, 20, and 21.

26 The Clerk shall enter judgment, terminate all pending motions, and close the file.

27 **IT IS SO ORDERED.**

28 DATED: February 9, 2009

_Maxine M. Chesney_
MAXINE M. CHESNEY
United States District Judge