IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTURO CHAIREZ, | ) | No. C 07-5767 MMC (PR) |
| Petitioner, | ) ) | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | ) ) | |
| M. ADAMS, Warden, | ) ) | |
| Respondent. | ) | (Docket No. 24) |
| _____ | ) | |

On November 14, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 9, 2009, the Court dismissed the petition, and judgment was entered that same date. Now before the Court is petitioner's "Motion to Grant Habeas Writ, filed February 26, 2009, and which the Court will construe as a motion for reconsideration of the order of dismissal.

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

"Under Rule 59(e), it is appropriate to alter or amend a judgment if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" United Nat. Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 779 (9th Cir. 2009) (quoting Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th

Cir. 2001)).  Here, petitioner's request contains no allegation as to newly-discovered evidence, nor that the Court committed clear error or made an initial decision that was manifestly unjust, or that there was an intervening change in controlling law.

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief.  See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).  Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary.  See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).  Here, petitioner's request contains no allegation as to newly-discovered evidence, nor does it set forth any mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment; petitioner offers no other reason justifying relief.

Accordingly, the motion is hereby DENIED.

This order terminates Docket No. 24.

IT IS SO ORDERED.

DATED: April 13, 2009

MAXINE M. CHESNEY
United States District Judge